# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

FALASHA ALI,

        Defendant.

Case No. 2:06-cr-0160-RLH-RJJ

**O R D E R**
(Motion for Appointment of Counsel–#108)
(Motion for Certificate of Appealability–#109)

        Before the Court is Defendant's **Ex Parte Motion for Appointment of Counsel Based on newly Discovered Evidence** (#108, filed December 15, 2010). Also before the Court is Defendant's **Motion for Certificate of Appealability** (#109, filed December 23, 2010).

        The Motion for Appointment for Counsel will be denied. This is the third such motion filed by Defendant since June 2010. All previous motions to appoint counsel have been denied, the most recent one on November 17, 2010. The present one has no more merit than the others. First, Ali claims he needs counsel to pursue relief under Section 2255 or similar statutes. He has already filed a Section 2255 motion which was denied on November 17, 2010. Accordingly, he cannot pursue a second Section 2255 motion without permission from the Court of Appeals. Second, he bases the motion on newly discovered evidence regarding his mental condition. The only "newly discovered evidence" is apparently a statement that he has not been given any psychotropic medication since November 5, 2008. As stated in the last denial of his motion for appointment of counsel, his mental condition has been determined to be stable if he takes the medications that *are* prescribed for him. Before his plea, he was given a psychiatric evaluation

which reached the same conclusion. His mental condition has been the subject of numerous motions and hearings and is documented in several orders of this Court. Thus, it is not newly discovered evidence. For those reasons, this third Motion for Appointment of Counsel (#108) will also be denied.

The Motion for Certificate of Appealability will also be denied. This Court's Order (#107) denying Ali's §2255 Motion to Vacate described in great detail the reasons that motion had no merit. Furthermore, there can be no dispute among reasonable minds about the lack of merit of that motion. He erroneously claimed his counsel was ineffective because of the failure to argue about his mental condition. On the contrary, the record demonstrates the issue was argued extensively and forcefully. He expressed, under oath, confidence in his attorney's ability to adequately represent him and said he was satisfied with his attorney's representation. There was no evidence, at the time of the change of plea or sentencing, that he was incompetent, confused or unable to understand what he was doing or what was going on. In fact, he assured the Court that he clearly understood what was happening and what he was doing and that he was doing it voluntarily. There were claims which should have been raised on appeal, but he waived his right to appeal, and he did so knowingly and voluntarily. He raised issues for the first time. Defendant failed to show any indicia of a Constitutional violation or that his counsel's representation fell below an objective standard of reasonableness. In fact, the opposite is true. Accordingly, the Court cannot in good consciousness certify that the case raises appealable issues. This Motion will also be denied.

IT IS THEREFORE ORDERED that Defendant's **Ex Parte Motion for Appointment of Counsel Based on newly Discovered Evidence** (#108) is DENIED, yet again.

IT IS FURTHER ORDERED that Defendant's **Motion for Certificate of Appealability** (#109) is DENIED, and no Certificate of Appealability will issue.

Dated: January 4, 2011.

_____
Roger L. Hunt
Chief United States District Judge