UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:06-cr-00160-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Set Aside Court's |
| ) | Order/Judgment of (October 6, 2008) |
| FALASHA ALI, ) | Pursuant to 60(b)(6) Motion Based on New |
| ) | Intervening Change of Law and Newly |
| Defendant. ) | Discovered Evidence – # 119) |
| ) | |

Before the Court is Defendant Falasha Ali's **Motion to Set Aside Court's Order/Judgment of (October 6, 2008) Pursuant to 60(b)(6) Motion Based on New Intervening Change of Law and Newly Discovered Evidence** (#119, filed Mar. 18, 2013). The Court has also considered Defendant's Supplement (#121, filed May 17, 2013), the Government's Opposition (#122, filed June 11, 2013), and Defendant's Reply (#123, filed June 27, 2013). For the reasons discussed below, the Court denies Defendant's Motion.

### BACKGROUND

The facts of this case are more particularly set out in the Court's prior Order (#106, filed Nov. 17, 2010) denying Defendant's § 2255 Motion (#95, filed June 2, 2010), and the Court only provides a brief recitation of those facts here.

Defendant was originally charged with one count of armed bank robbery and one count of use of a firearm in a crime of violence.  Pursuant to an unopposed stipulation, the Defendant underwent a psychiatric evaluation.  The psychiatric report noted that there was evidence that Defendant was mentally ill, however, those involved in the review determined the Defendant understood the proceedings and their potential consequences, would be able to assist his attorney, and could rationally weigh the evidence and determine whether or not to accept a plea agreement.

After several continuances, the Government learned that Defendant was connected with several other bank robberies and Defendant negotiated a plea agreement. On May 28, 2008, pursuant to the agreement, Defendant pled guilty to one count of bank robbery, three counts of armed bank robbery, and one count of use of a firearm during a crime of violence.  Defendant also admitted to underlying facts of other crimes not officially charged. As part of the agreement, Defendant agreed to waive his right to appeal except with respect to any portion of the sentence that was an upward departure from the range agreed to by the parties.  The Court found Defendant competent to enter the plea.  Defendant was later sentenced to 224 months incarceration.

Defendant then filed an appeal, which was subsequently dismissed due to the appeal waiver provision of the plea agreement.  After that unsuccessful appeal, Defendant filed a § 2255 motion arguing ineffective assistance of counsel and asserting that he was incompetent to enter into the plea agreement.  The motion also included several other substantive arguments not raised on direct appeal due to Defendant's waiver.  In denying the motion, the Court addressed Defendant's contention that he was not competent to accept the plea agreement and found it without merit because Defendant's arguments were contradicted by the psychiatric evaluation report and Defendant's own conduct during the proceedings. The Court also held that many of Defendant's substantive arguments were procedurally defaulted and that Defendant's ineffective assistance of counsel claim was meritless under *Strickland*.

Defendant now brings the instant Motion under Fed. R. Civ. P. 60(b), arguing that an intervening change in law and newly discovered evidence justify the Court's reconsideration of its Order denying Defendant's § 2255 Motion.

**DISCUSSION**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted). A denial of a rule 60(b) motion is reviewed for an abuse of discretion. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The majority of Defendant's arguments in the instant Motion are repetitive of those previously raised, addressed, and dismissed by the Court. Consequently, the Court will not address those arguments here. Defendant does, however, contend that the Ninth Circuit's recent decision in *United States v. Dreyer*, 705 F.3d 951 (9th Cir. 2013) constitutes an intervening change in law and the New Mexico district court's 1997 determination that Defendant was not competent to stand trial is newly discovered evidence. Thus, Defendant argues, he is entitled to relief under Rule 60(b). However, the Court finds that neither *Dreyer* nor the incompetency ruling meets the standard of Rule 60(b).

\\\
\\\
\\\

First, Defendant's reliance on *Dreyer*[1] is misplaced. Under *Dreyer*, when a competency determination is challenged, "the record is reviewed to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." 705 F.3d at 960. The Court's prior Order complied with that standard. Defense counsel requested and the Court granted a psychiatric evaluation. The Court relied on the expert opinions expressed in the resulting report in determining that Defendant was competent. The Court also noted that there was no indication that Defendant's mental status had changed or that he had gone off his medication between the time the evaluation took place and the change of plea hearing. These facts are in stark contrast to those in *Dreyer*, where no psychiatric evaluation was ordered and expert reports supported the defendant's counsel's representations that the defendant was unable to assist in his defense due to his medical condition. *Id.* at 965. Thus, although the Defendant, as previously noted, has significant mental issues, the evidence in the record would not cause a reasonable judge to doubt the Defendant's competency to accept a plea agreement.

Second, Defendant's "new" 1997 New Mexico state court decision is also insufficient to merit reconsideration. Defendant argues that the psychiatric evaluation report was flawed because it omitted that he was found incompetent to stand trial in 1997 and treated for mental illness in 1998. Although Defendant's presentation of the actual court document may be new, Defendant asserted this same argument in his § 2255 motion. The Court addressed the argument in its prior Order, noting that Defendant reported to the examining psychologist his prior condition and treatment related to these incidents. Thus, the examining psychologists were not

---

[1] The Court cannot consider *Dreyer* a change in the law considering the standard upon which its holding relies was articulated over twenty years ago in *Chavez v. United States*, 656 F.2d 512 (9th Cir. 1981). Nonetheless, the Court addresses Defendant's arguments under *Dreyer*.

unaware of the Defendant's mental health history and any omission does not cast doubt on their report as it related to Defendant's then-current mental state and competency.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Falasha Ali's Motion to Set Aside Court's Order/Judgment of (October 6, 2008) Pursuant to 60(b)(6) Motion Based on New Intervening Change of Law and Newly Discovered Evidence (#119) is DENIED.

Dated: July 31, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**