# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:06-cr-00160-RLH-RJJ |
| Plaintiff, | **ORDER** |
| vs. | |
| FALASHA ALI, | |
| Defendant. | |

      On October 9, 2013, Defendant Falasha Ali filed a Notice of Appeal (#127) on the Court's Order denying Defendant's Motion to Set Aside Judgment (#124) and corresponding Order denying Defendant's Motion to Reconsider (#126). However, Defendant did not obtain certification of the appeal. Accordingly, the Ninth Circuit remanded to this Court for the limited purpose of granting or denying a certificate of appealability. (#132). The Court hereby denies certification.

Defendant brought his Motion to Set Aside Judgment on the grounds that an intervening change in law, as well as newly discovered evidence rendered the Court's decisions regarding Defendant's competency at the change of plea hearing and sentencing erroneous. However, as the Court noted in its Order entered June 11, 2013, there was no intervening change in law or newly discovered evidence; Defendant merely reasserted the same arguments presented in his § 2255 motion (#124). The Court also denied Defendant's subsequent Motion to Reconsider (#126, entered Sep. 27, 2013). With respect to Defendant's § 2255 motion, this Court and the Ninth Circuit had previously denied certification of an appeal (#110, #114).

As has explained in great detail in both the Court's Order denying Defendant's § 2255 motion and the Court's Order denying Defendant's Rule 60(b) motion, Defendant's arguments are without merit. The Court's determination of Defendant's competency was driven by expert opinions, its own observations, and Defendant's representations. The expert report relied on by the Court was thorough, and took into account Defendant's prior mental health history. Further, there was no evidence, at the time of the change of plea or at sentencing, that Defendant's mental status had changed or that he had gone off his medication since the time of his evaluation. Indeed, Defendant showed no indication that he was mentally incompetent, confused, or unable to understand what he was doing or what was happening. In fact, Defendant represented to the Court that he clearly understood the nature of the proceedings, and that his actions were undertaken voluntarily. The Court has no doubt about its determination; no reasonable judge would have experienced a genuine doubt respecting the Defendant's competence.

Additionally, Defendant's claim that his counsel was ineffective for failure to argue about his mental condition is contradicted by the record and by Defendant's own statements. The record establishes that Defense counsel argued the issue of Defendant's mental condition extensively and forcefully. Moreover, Defendant expressed, under oath, confidence in his attorney's representation. As previously discussed, Defendant cannot show either deficient

performance on his counsel's part or prejudice arising therefrom. There are no appealable issues with respect of ineffective assistance of counsel.

Finally, Defendants other arguments have been procedurally defaulted as he failed to raise them on direct appeal.  Pursuant to Defendant's plea bargain, he waived his right to appeal, and neither a § 2255 or Rule 60(b) motion can be used to circumvent that agreement. Accordingly, the Court cannot in good conscience certify that Defendant raises appealable issues.

IT IS HEREBY ORDERED, the Court DENIES certification of appealability.

Dated: November 25, 2013.

_____
**ROGER L. HUNT**
**United States District Judge**