# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 2:06-cv–00160-RLH-RJJ |
| Plaintiff(s), ) | **O R D E R** |
| vs. ) | (Def.'s Motion for Correction of Clerical error– #189) |
| FALASHA ALI, ) | |
| Defendant(s). ) | |

Before the Court is Defendant Ali's Motion for Correction of Clerical Error (#189, filed Nov. 7, 2014). For the reasons discussed below, the Court denies Defendant's Motion.

### BACKGROUND

Defendant Ali, who was sentenced, pursuant to a plea agreement, on October 2, 2008, on four counts of bank robbery, three of which were for armed bank robbery, and one count of use of a firearm during a crime of violence, pursuant to a plea agreement, brings a "Motion for Correction of Clerical Error and Omission pursuant to Federal Rule of Criminal Procedure Rule 36." (#139, filed November 7, 2014). The facts of this case are more particularly set out in the Court's previous orders ( #95, filed June 2, 2010; #106, Filed Nov. 17, 2010).

## DISCUSSION

The Court notes that the majority of Defendant's arguments in the instant Motion are repetitive of those previously raised, addressed, and dismissed by the Court. Consequently, the Court will not address those arguments here. Defendant does, however, contend that he is entitled to modification of his presentence report to reflect his proper sentencing date pursuant to Federal Rules of Criminal Procedure 32 and 36.

First, with regard to the fact that Defendant Ali's presentence report lists his sentencing date as October 3, 2008, rather than October 2, 2008, the Court finds that this amounts to harmless error. The date of imposition of judgment, rather than the presentence report governs Defendant's release date. A review of the judgment reflects the correct date of sentencing: October 2, 2008. (Dkt #69, filed Oct. 6, 2008).

Next, Defendant cites to Rule 32(f) in support of his motion; however, Defendant was required to "challenge factual inaccuracies [in his pre-sentence report] during imposition of sentence, not later." *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir.1988) (per curiam). Consequently, as this Court lacks authority to modify a presentence report after imposition of sentence, any arguments related to Rule 32 are similarly unavailing. *See United States v. Catabran*, 884 F.2d 1288, 1289 (9th Cir.1989) (per curiam) (holding that "once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report.").

Finally, to the extent that Defendant Ali is attempting to file a second or successive § 2255 motion, this too is improper as any such action has not been approved by the court of appeals. 28 U.S.C. § 2255(h). (Dkt. #106, filed Nov. 17, 2010). Consequently, Defendant's Motion for Correction of Clerical Error and Omission pursuant to Federal Rule of Criminal Procedure Rule 36 is denied.

## CONCLUSION

Accordingly, and for good cause appearing,

1   IT IS HEREBY ORDERED that Defendant's Motion for Correction of Clerical
2   Error and Omission Pursuant to Federal Rule of Criminal Procedure Rule 36 (#139) is DENIED.

4   Dated: December 8, 2014.

_____
**ROGER L. HUNT**
**United States District Judge**