# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff(s), | ) | Case No. 2:06-cr-160-RLH |
| vs. | ) | **O R D E R** |
| FALASHA ALI, | ) | (Motion for Extraordinary Relief–#148) |
| Defendant(s). | ) | |

  Before this Court is yet another motion, in a long line of frivolous motions, by Defendant Falasha Ali. This **Motion for Extraordinary Relief and Reconsideration of Court Order Dated July 23, 2012 (#118)** (#148) was filed July 6, 2015, is another motion challenging the calculation of his criminal history points by the Presentence Report and the Court when he was sentenced in October 2008, nearly seven years ago.

  This Motion asks the Court to review its order regarding a letter received in chambers on July 19, 2012 making this same request. After reminding Ali that communication directly with the Court is improper without notification to the United States Attorney, the Court noted there, and repeats here so there is no misunderstanding, this matter has repeatedly been considered and found without merit by both this Court and the Ninth Circuit Court of Appeals.

  At the time of sentencing, following Ali's change of plea pursuant to a plea agreement in which he waived any right to appeal this issue, the Court reduced his criminal history points to 17. He even contested that at the time of sentencing.

1

Following his sentencing, Ali appealed. His appeal was dismissed because he had waived his right to appeal. He then filed a § 2255 motion to vacate or correct his sentence, addressing, *inter alia*, the calculation of his criminal history points. This Court denied that motion and Ali appealed that decision, only to have his appeal dismissed on December 21, 2011. He moved for reconsideration, which was denied, and appealed that denial, which was dismissed.

Ali then filed a motion to set aside the judgment pursuant to Rule 60(b)(6) based on a change in intervening law and new evidence. That was denied and he moved for reconsideration which was also denied. He then appealed and followed up with a letter to this Court discussing what he called a discrepancy in his sentence. This Court denied his request for a notice of appealability which he challenged and the Circuit denied his request for a notice of appealability. He sought a writ of certiorari to the Ninth Circuit Court of Appeals and, notwithstanding the foregoing filed another Notice of Appeal on January 26, 2015. The Ninth Circuit, finding that the questions raised in the appeal "are so insubstantial as not to justify further proceedings" dismissed the appeal on May 27, 2015. The Mandate Order was filed May 29, 2015.

Now, on July 6, 2015, Ali brings this frivolous motion claiming that he has never had an opportunity to correct his inaccurate criminal history points, even though he raised the claim in both § 2255 motions. He also claims, although it is not documented, that evidence provided by the State of New Mexico confirms his claim of 6 (vs. 17) criminal history points, and that a letter by the BOP Acting Administrator National Inmate Appeals Coordinator in Washington, D.C. "concedes" that the criminal history points were inaccurate. Ali's representations are false. The BOP letter *only* states that the BOP "concurs" with the responses of the BOP legal representatives and that it does not have authority to change a PSR after sentencing and denies Ali's appeal to that body.

/ / / /

/ / / /

/ / / /

/ / / /

IT IS THEREFORE ORDERED that Defendant Ali's **Motion for Extraordinary Relief and Reconsideration of Court Order Dated July 23, 2012 (#118)** is DENIED.

IT IS FURTHER ORDERED that because the foregoing motion is frivolous and fails to raise any non-frivolous issues, any certificate of appealability is DENIED.

Dated: July 8, 2015.

_____
**Roger L. Hunt
United States District Judge**