# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:06-cr-00160-APG-RJJ |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO VACATE** |
| FALASHA ALI, | (ECF No. 161) |
| Defendant. | |

Defendant Falasha Ali pleaded guilty to multiple counts of federal bank robbery under 18 U.S.C. § 2113. He also pleaded guilty to brandishing a firearm during a "crime of violence" under 18 U.S.C.§ 924(c)—the crime of violence being his federal bank robbery conviction. Ali now moves to vacate the § 924(c) portion of his conviction and sentence. He relies on *Johnson v. United States*, in which the Supreme Court struck down part of a crime-of-violence sentence enhancement in a statute similar to § 924(c). Ali contends that *Johnson's* holding applies to the portion of § 924(c) that he was convicted under, the so-called residual clause, and thus his federal bank robbery conviction is no longer a crime of violence.

But even if Ali is right that *Johnson* renders § 924(c)'s residual clause defunct, his federal bank robbery conviction qualifies as a crime of violence under another part of § 924(c), known as the force clause. A conviction qualifies as a crime of violence under the force clause if the statute that the defendant was convicted under categorically required that he used "violent force" against his victim. Ali argues that § 2113 can be violated by merely frightening a victim, which is not using "violent force." But the Ninth Circuit has already held that a conviction under this statute categorically qualifies as a crime of violence, and it has reaffirmed that position recently in various unpublished decisions. Ali's federal bank robbery conviction required that he use "force and violence or intimidation" to take property from "the person" of another. That is the definition of a crime of violence. I therefore deny his motion.

**Discussion**

Section 924(c) enhances a defendant's sentence if he was convicted for using a firearm during a "crime of violence." There are two ways a crime can qualify as a crime of violence under this statute. One is if the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"—the force clause.[1] The second is the residual clause, which Ali argues is unconstitutional in light of the Supreme Court's *Johnson v. United States* decision.[2] But I need not decide the constitutionality of the residual clause here because Ali's crime qualifies under the force clause.

Section 2113(a), the federal bank robbery statute that Ali's was convicted under,[3] prohibits conduct similar to the force clause: bank robbery committed against a person or property "by force and violence" or "intimidation." But Ali focuses on the latter term, "intimidation," to argue that § 2113(a) can be violated by merely instilling "fear" in a victim. He concludes that merely instilling fear in a victim does not equate to § 924(c)'s force clause, which the Supreme Court has held requires that the defendant "attempted" or "threatened" "use of physical force."[4]

The Ninth Circuit has time and again held that federal bank robbery under § 2113 is a crime of violence under § 924(c)'s force clause.[5] Ali contends that I should ignore this precedent

---

[1] **Error! Main Document Only.** The parties also dispute whether Ali is procedurally barred from moving under § 2255 and whether intervening Supreme Court caselaw invalidated a portion of § 924(c). I need not reach either of these questions because, even assuming Ali is not procedurally barred and that the residual clause is invalid, his federal bank robbery conviction still qualifies as a crime of violence under what remains of § 924(c).

[2] *Johnson v. United States*, 135 S. Ct. 2251 (2015).

[3] Ali pleaded guilty to multiple counts of bank robbery under 18 U.S.C. § 2113. ECF No. 63.

[4] *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (requiring that not only force be used, but "physical" and "violent" force).

[5] *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking "'by force and violence, or by intimidation.'"); *see United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence'"); *United States v.*

because intervening Supreme Court authority has undermined it. But the Ninth Circuit has recently reaffirmed this line of authority in unpublished decisions.[6] In *U.S. v. Howard*, for example, the court favorably cited its prior cases on this point and held that a conviction for Hobbs Act robbery—which uses intimidation language identical to that in § 2113—is a crime of violence under § 924(c).[7] The court reasoned that "intimidation" requires putting the victim in fear of bodily harm and that this sort of fear qualifies as actual or threatened physical force under § 924(c).[8] And the weight of recent authority in the federal district courts agrees with this approach.[9]

In light of this authority, I deny Ali's motion under § 2255. Ali's federal bank robbery convictions under § 2113 are crimes of violence. Ali was thus properly sentenced under § 924(c).

---

*Steppes*, 2:14-cr-00100-GMN-GWF, ECF No. 26 at 7 (D. Nev. April 6, 2015) (identifying the defendant's prior crimes as five counts of bank robbery under § 2113(a)).

[6] *See United States v. Steppes*, No. 15-10243, 2016 WL 3212168, at *1 (9th Cir. June 10, 2016) (holding federal bank robbery under § 2113(a) is a crime of violence under Guideline § 4B1.1 as defined under § 4B1.2); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016), as amended (June 24, 2016) (holding Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

[7] *Howard*, 2016 WL 2961978, at *1.

[8] *Id.*

[9] *See U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill,* 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur,* 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144–55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *United States v. Evans,* __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

To appeal that order, Ali must receive a certificate of appealability.[10] To obtain that certificate, Ali "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[11] This standard is "lenient."[12]

When applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists often disagree.[13] Although I follow the Ninth Circuit's lead in holding that Ali's convictions qualify as crimes of violence, other courts have held otherwise. I thus grant Ali's request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant Falasha Ali's motion under 28 U.S.C. § 2255 **(ECF No. 161) is DENIED**.

IT IS FURTHER ORDERED that defendant Falasha Ali's request for a certificate of appealability is **GRANTED**.

DATED this 3rd day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[10] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[11] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[12] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[13] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").