# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

FALASHA ALI,

    Defendant

Case No.: 2:06-cr-00160-APG-RJJ

**Order Denying Motions to Represent Self and for Rule 60 Relief**

[ECF Nos. 176, 177]

    Defendant Falasha Ali moves to set aside the court's November 2010 judgment denying his motion under 28 U.S.C. § 2255. ECF Nos. 106, 177. Ali contends his current motion is not a second or successive § 2255 motion, but he raises many of the same arguments that have been raised and rejected in the past. *See, e.g.*, ECF Nos. 95, 99, 106. A motion denominated as one under Federal Rule of Civil Procedure 60(b) will be treated as a second or successive § 2255 motion "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (internal footnote and emphasis omitted). Ali's claims regarding effectiveness of counsel, his mental capacity, the calculation of his sentence, and the effect of uncharged conduct on his sentence attack the court's prior resolution of these claims and so constitute a successive § 2255 motion. I therefore must deny these portions of the motion for lack of jurisdiction. *See United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) (stating that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." (quotation omitted)); 28 U.S.C. § 2255(h).

Ali also claims that the court lost jurisdiction over him when it granted a writ of habeas corpus ad prosequendum to have him transferred to an FBI office for a polygraph examination. To the extent this is a new claim or a claim that could and should have been raised previously, I lack jurisdiction to consider it as well. But this claim arguably falls within Rule 60(b) because it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. To the extent that this claim is properly before me, I deny it. The court did not lose jurisdiction over Ali.

Ali separately filed a motion to represent himself. ECF No. 176. In that motion, he refers to the Ninth Circuit's order removing Gia A. McGillivray as his counsel. *Id.*; *see also* ECF No. 174. In the meantime, new counsel has been appointed for Ali. ECF No. 175. Given the timing, it appears the order appointing Michael Tanaka as counsel crossed in the mail with Ali's motion to represent himself. I deny Ali's motion because there is nothing left for him to do in this court and because he is now represented by Mr. Tanaka. If Ali wishes to represent himself before the Ninth Circuit, he should file a motion in that court.

IT IS THEREFORE ORDERED defendant Falasha Ali's motion to represent himself **(ECF No. 176)** and motion for relief **(ECF No. 177) are DENIED**.

DATED this 2nd day of October, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE