# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>FALASHA ALI,<br><br>　　　　Defendant | Case No.: 2:06-cr-00160-APG-RJJ<br><br>**Order Denying Second Motion for Compassionate Release**<br><br>[ECF No. 207] |

Defendant Falasha Ali again moves for compassionate release because he is at a greater risk of serious illness from COVID-19. ECF No. 207.

A sentencing court's ability to modify or reduce a sentence is limited.[1] The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows a judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to convince the Bureau of Prisons to bring such a motion on his behalf.[2] The court must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[3] Any sentence reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission,"[4] including the requirement that the defendant "is not a danger to the safety of any other person or to the community."[5]

---

[1] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[2] 18 U.S.C. § 3582(c)(1)(A)(i).

[3] *Id*.

[4] *Id*.

[5] U.S.S.G. § 1B1.13(2).

Ali suffers from hypertension and kidney disease, which place him at a higher risk of serious illness from COVID-19. I denied his first request for compassionate release in part because he refused to take the COVID-19 vaccine that was offered to him. ECF No. 206 at 2. Since then, he has been fully vaccinated. ECF No. 209 at 6. While that is not a guarantee against infection, it should provide him significant protection from serious consequences if he becomes infected. The same holds true for the vaccinated public at large, including those with underlying health issues that put them at greater risk. Ali does not present extraordinary or compelling circumstances to warrant early release.

In addition, the factors under 18 U.S.C. § 3553(a) counsel against early release. Ali pleaded guilty to four bank robberies. In three of those robberies he was armed, and in two of them he brandished the firearm. Those are dangerous and violent crimes. And given his numerous post-sentencing appeals and motions, it does not appear he has accepted responsibility for those crimes.

I cannot find Ali satisfies the compassionate-release standards of 18 U.S.C. § 3582(c)(1)(A)(i). I therefore order that his motion compassionate release **[ECF No. 207] is DENIED.**

DATED this 31st day of January, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE